UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JUSTIN SATHUE,

                        Plaintiff,

                        Case # 17-CV-747-FPG

v.

                        DECISION AND ORDER

NIAGARA CITY POLICE
DEPARTMENT, et al.,

                        Defendants.

On January 25, 2018, this Court screened and dismissed *pro se* Plaintiff Justin Sathue's Amended Complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2). *See* ECF No. 22. Judgment was subsequently entered on January 26, 2018. ECF No. 23. Shortly thereafter, on February 5, 2018, Plaintiff filed a Notice of Appeal. ECF No. 24. On February 23, 2018, Plaintiff filed a Motion for Preservation of Evidence (ECF No. 26) with this Court, seeking an order directing "all parties to preserve documents that they know, or reasonably know, are relevant to the . . . action." ECF No. 26, at 2.

It is well established that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam), *superseded on other grounds by* Fed. R. App. P. 4(a)(4)(B)(i); *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) ("[T]his circuit has repeatedly held that the docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.' " (quoting *Ryan v. U.S. Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962))). Plaintiff's Motion does not fall within the purview of Federal Rule of Appellate Procedure 4(a)(4)(A)—therefore, the previously filed Notice of Appeal remains

effective. Accordingly, the Court does not have jurisdiction over Plaintiff's Motion to Preserve Evidence (ECF No. 26), and the Motion is therefore DENIED.

IT IS SO ORDERED.

DATED: April 16, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court